## Ream v. Johns et al.

*Chas. W. Eaby,* for plaintiff.

*Harris C. Arnold* and *Harvey B. Lutz,* for defendant, Sinclair Refining Company.

ATLEE, P . J., August 2, 1935.—Charles A. Ream brought an action in trespass against Ivan Johns and the Sinclair Refining Company, to obtain damages suffered by the plaintiff in the happening of a rather unusual event. At the trial of the case the Sinclair Refining Company was represented by counsel. Ivan Johns, the other defendant, was not represented by counsel, but being present in court was asked by the court if he desired to challenge jurors, etc. At the conclusion of the testimony, after the Sinclair Refining Company rested its defense, the court asked Mr. Johns if he desired to testify in his own behalf. Johns replied that he did not. Again Johns was asked by the court if he desired to address the jury and was informed that he had the right to do so, but he refused.

The undisputed facts in the case were that on March 31, 1934, a gasoline loaded truck of the Sinclair Refining Company was bound west on the Lincoln Highway at a point in East Hempfield Township, this county, about six miles west of Lancaster. Behind the truck was the automobile of Ivan Johns. Johns attempted to overtake and pass the Sinclair truck. Johns found he could not successfully complete his overtaking of the truck and in turning back into line the front of the Johns' car hit a spigot, or some other attachment, on the end of the Sinclair truck. The collision broke off or injured the attachment on the truck in such a way that gasoline began to escape. After the collision the truck ran about 85 yards and stopped. By that time the gasoline was ablaze. The truck was stopped in front of the residence of Charles A. Ream, the plaintiff. The blazing fluid ran into his yard and burned shrubbery, trees, destroyed sod, and did other damage. To recover damages for the property injuries sustained by the plaintiff this action was brought. The jury returned a verdict against Ivan Johns and the Sinclair Refining Company, fixing the plaintiff's damages at the sum of $700.

The negligence pleaded by the plaintiff was that the driver of the Sinclair truck negligently refused to stop his

truck at the time of the collision and negligently failed to take steps to prevent the further flow of gasoline from his truck. The defense of the driver of the truck was that the collision caused his head to come into violent contact with the back of the cab so that he was dazed for a few moments. The driver testified that when he came to and saw the gasoline coming out of the pipe he immediately turned off the electric switch, stopped his motor, pulled his truck off the highway, and that, when he saw that there was fire at the back of the truck, he immediately went to a telephone to call assistance from the Lancaster Fire Department. According to the plaintiff's contention the fire was caused by the escaping gasoline coming into contact with the hot exhaust pipe. The court refused the Sinclair Refining Company's points asking the court to find that the plaintiff had failed to show any negligence on the part of the Sinclair Refining Company and to give binding instructions in favor of the Sinclair Refining Company.

The reasons for new trial are purely formal, averring that the verdict was against the law, against the evidence, and against the law and the evidence, and that the trial court erred in refusing the three points for binding instructions above mentioned.

The motion for judgment n. o. v. is based upon the alleged failure of the plaintiff to show negligence on the part of the defendant, the Sinclair Refining Company. The defendant further contends that the fair preponderance of all of the evidence in the case required that a verdict for the company should have been directed; and that the trial court should have given binding instructions for the defendant, the Sinclair Refining Company. Counsel for the defendant emphasize the contention that the driver of the truck was acting in an emergency created by no fault of his own, and under these circumstances, having used the best of his judgment, can not be convicted of negligence simply because some other course of conduct might have resulted in some other con-

sequence. The court's answer to this contention is that the question of the negligence of the driver of the Sinclair truck was not a question to be determined by the court but by the jury. The driver of the gasoline truck was engaged in driving a large vehicle loaded with a dangerous substance, and, therefore, was supposed to have unusual qualifications so as to give him the ability to cope with those dangerous situations which are likely to arise in the transportation of such a product as gasoline. The driver of the truck was not the driver of an ordinary vehicle. The driver of an ordinary vehicle is not bound to know what to do in emergencies created by the fault of another. The driver of the Sinclair truck was the operator of a vehicle of unusual size carrying a cargo dangerous per se. The court concludes therefore that the trial court could not, as a matter of law, declare that a sudden emergency arose, and that such emergency excused the driver of the Sinclair truck from the exercise of ordinary diligence. The trial court left to the jury determination of the question of negligence of the two defendants, and the jury found both to blame. There is nothing in the evidence which required the court to enter binding instructions in favor of the defendant. Most of the matters complained of in defendant's brief have been covered by the charge, in which the trial court told the jury that the question of the negligence of the driver of the truck and of Johns was entirely for the jury.

Under the evidence in this case, the court cannot see how the trial court could have taken the case from the jury and disposed of it by giving binding instructions.

The rule to show cause why a new trial should not be granted is discharged.

The rule to show cause why judgment should not be entered for the defendant n. o. v., the Sinclair Refining Company, is discharged.

From George Ross Eshleman, Lancaster.